

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# USA v. Fontanez

Precedential or Non-Precedential: Non-Precedential

Docket No. 98-1920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Fontanez" (2007). *2007 Decisions.* Paper 66.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/66

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 98-1920

_____

UNITED STATES OF AMERICA

v.

AUDELIZ FONTANEZ,
a/k/a ALEX FONTANEZ,
a/k/a ALEX POLLOCK FONTANEZ

Audeliz Fontanez
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 96-cr-00086-1)
District Judge:  Hon. Clarence C. Newcomer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2007

BEFORE:  RENDELL and STAPLETON,
*Circuit Judges*, and IRENAS, *District Judge**

(Opinion Filed:  December 13, 2007)

_____

*Hon. Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by
designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

We have before us only No. 98-1920. On January 30, 2002, we issued a

Certificate of Appealability. It limited proceedings to the following:

> "whether the District Court abused its discretion in failing to allow
> Petitioner to amend his 28 U.S.C. Section 2255 motion. In addition . . . the
> parties should address (a) when, in light of the withdrawal and subsequent
> reinstatement of the direct appeal, did Petitioner's 'judgment of conviction
> become [] final' for purposes of the statute of limitations; and (b) whether
> Petitioner's motion to amend was timely."

The motion to amend referred to in the Certificate of Appealability is the motion

filed August 27, 1998. In that motion, Fontanez said only the following with respect to

the issues he sought to place before the Court by amendment:

> "There are significant issues that have not been raised by counsel, of record,
> in the instant petition which petitioner Fontanez vehemently believes will
> conclusively support the 'ineffective-assistance-of-counsel' claim and will
> further support a vacation of the Judgment of Conviction insofaras (sic) the
> verdict was rendered on evidence that was unconstitutionally sound.
> ***
> Petitioner Fontanez's most significant issue that must be posited before this
> Court is 'actual innocence' and counsel has failed to raise same, with
> support of evidence that has not been presented before to this Court in
> previous proceeding(s)."

On October 6, 2004 we denied a motion to expand the Certificate of Appealability

in No. 98-1920. We ruled at that time that Fontanez's "new perjury claims [were] beyond

2

the scope of this appeal" and that these "perjury claims had not been raised in the [District Court] at the time of the 98-1920 appeal." The issue before us thus has nothing to do with the perjury claims Fontanez currently seeks to pursue. Rather, the sole issue before us is whether the District Court abused its discretion in not granting permission to amend in response to Fontanez's August 27, 1998 filing. We hold that it did not.

While Fed. R. Civ. P. 15 provides that leave to amend "shall be freely granted when justice so requires," one seeking to amend must provide the Court with sufficient information to allow it to determine whether justice does so require. The Court, for example, must be able to determine such matters as whether the amendment sought would be futile or unduly prejudicial to the opponent. When the application to amend provides only conclusory statements like the "evidence . . . was unconstitutionally sound" and "actual innocence," the Court is not able to fulfill its responsibilities under Fed. R. Civ. P. 15, and it does not abuse its discretion if it denies the application.[1]

The judgment of the District Court will be affirmed.

---

[1] Fontanez's counsel, in his *Anders* brief, does not address when petitioner's judgment of conviction became final. Fontanez, in his supplemental brief in response to counsel's *Anders* brief, asserts that his judgment of conviction became final on October 19, 2001, while the United States asserts that petitioner's conviction became final on November 29, 2001. Neither addresses whether the 1998 motion was timely. We see no value in pursuing that question further because we find that the District Court did not abuse its discretion in denying that motion.